**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ernest Pressley, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2008-097109

---

Appeal From Aiken County
D. Garrison Hill, Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-587
Heard October 2, 2012 – Filed October 31, 2012

---

**AFFIRMED**

---

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Salley W. Elliott, and Assistant
Attorney General Megan Elizabeth Harrigan, all of
Columbia, for Petitioner.

Chief Appellate Defender Robert Dudek and Appellate
Defender David Alexander, both of Columbia, for
Respondent.

---

**PER CURIAM:** The State of South Carolina appeals the grant of post-conviction relief (PCR) to Ernest Pressley based on trial counsel's ineffectiveness for not hiring or consulting a DNA expert and for failing to seek a competency evaluation of the victim witness.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.  As to whether trial counsel was ineffective for not hiring or consulting a DNA expert resulting in prejudice to the defendant: *Kolle v. State*, 386 S.C. 578, 589, 690 S.E.2d 73, 79 (2010) ("In reviewing the PCR court's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision."); *id.* (stating an appellate court gives great deference to the PCR court's findings of fact and conclusions of law); *Pauling v. State*, 350 S.C. 278, 283, 565 S.E.2d 769, 772 (2002) ("The appellate court must affirm the PCR court's decision when its findings are supported by any evidence of probative value.").

2.  As to whether trial counsel was ineffective for failing to seek a competency evaluation of the victim: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**